ORIGINAL

FILED
AUG 3 0 2005
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**D. GORDON POTTER,**

**Plaintiff,**

**THE UNITED STATES OF AMERICA**

**Defendant.**

05 954T

**Case No.**

**COMPLAINT**

COMES NOW, D. Gordon Potter, Plaintiff, pursuant to Court of Federal Claims Rule 3, alleges to the Honorable Judges of the United States Court of Federal Claims as follows:

1. Plaintiff is an individual with a residence at 100 Volz Court, Alamo, California 94507. Plaintiff's Social Security Number is 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.

2. Defendant is the United States of America.

3. This is an action for refund of Federal income taxes, founded upon the Internal Revenue Code, erroneously assessed and collected by Defendant. This Court has jurisdiction for refund actions pursuant to 28 U.S.C. §§ 6511 and 7422.

4. The recovery of monies and refund of taxes relates to the Federal income tax return of Plaintiff, Form 1040, for the tax year ended December 31, 1998. Such tax return was timely filed by Plaintiff with the Internal Revenue Service.

5. Under threat of lien, levy, and other collection actions by Defendant, Plaintiff paid the full amount of tax erroneously alleged by Defendant for the tax year ended December 31, 1998.

6. The doctrines of collateral estoppel and *res judicata* will also cause the decision of the Court in the case at hand to satisfy identical issues arising with respect to the Federal income tax returns of Plaintiff, Forms 1040, for the tax years ended December 31, 1999 and December 31, 2000. Such tax returns were timely filed by Plaintiff with the Internal Revenue Service.

7. On November 14, 2003, Defendant issued a statutory notice of deficiency determining a deficiency in income tax and penalty for the taxable year ended December 31, 1998 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
|---|---|---|
| December 31, 1998 | $496,227.00 | $ 99,245.40 |

8. On July 13, 2005, Defendant issued a an audit reconsideration letter changing the determination of a deficiency in income tax and penalty for the taxable year ended December 31, 1998 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
|---|---|---|
| December 31, 1998 | $353,413.00 | $ 70,825.40 |

9. Within the two years preceding the filing of the refund claim that precedes this Complaint, Plaintiff paid $354,500 to Defendant to be allocated to the deficiency for tax year ended December 31, 1998 erroneously calculated by Defendant.

10. On October 14, 2004, Defendant issued a statutory notice of deficiency determining a deficiency in income tax and penalty for the taxable years ended December 31, 1999 and December 31, 2000 in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) |
|---|---|---|
| December 31, 1999 | $363,971.00 | $ 72,794.20 |
| December 31, 2000 | $721,473.00 | $144,294.64 |

11. On June 22, 2004, Plaintiff filed Form 1040X, Amended U.S. Individual Income Tax Return with the Internal Revenue Service claiming a refund in the amount of $431,631 for the 1998 for reasons identically stated in this Complaint. A complete copy of the claim for refund is attached to this Complaint.

12. In a letter dated August 22, 2005, the Internal Revenue Service informed Plaintiff that the Internal Revenue Service had disallowed in full the claim for refund for 1998. On August 25, 2005, Plaintiff delivered an executed Form 3363, Acceptance of Proposed Disallowance of Claim for Refund or Credit, to the Internal Revenue Service.

13. Plaintiff is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries.

14. During the tax year ended December 31, 1998, Plaintiff entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with Plaintiff were transferable in part.

15. Pixley Services Limited transferred certain rights to the employment services of Plaintiff to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services.

16. Plaintiff became an employee of Release Me, Inc. during the tax year ended December 31, 1998.

17. Release Me, Inc. contracted with Unico Services Inc. f/k/a Unico Replacement Parts, Inc., to provide skilled labor.

18. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of Plaintiff.

19. As part of the contract between Unico Services Inc. and Release Me, Inc., Release Me, Inc. provided the services of Plaintiff.

20. While providing services to Unico Services Inc., Plaintiff worked on multiple business projects.

21. Unico Services Inc. made periodic payments to Release Me, Inc. pursuant to the skilled labor contract discussed above at #11.

22. Release Me, Inc., in turn, paid substantial wages to Plaintiff pursuant to Plaintiff's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc.

23. Plaintiff included these wages in income and paid tax, accordingly.

24. Pursuant to the contractual employment agreement of Pixley Services Limited and Plaintiff, Pixley Services Limited established and funded a non-vested, retirement plan for the future benefit of Plaintiff.

25. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and Plaintiff has no immediate right to receive the benefits of the non-vested, retirement plan.

26. The contribution made by Pixley Services Limited for the future benefit of Plaintiff constitutes deferred compensation, which is not includable in income of Plaintiff until a future date when the retirement plan vests and disbursement are available to Plaintiff pursuant to the plain language of I.R.C. §§ 83, 451.

27. In the statutory notice of deficiency discussed above at #4, Defendant determined that Plaintiff received additional compensation from Unico Services Inc. by determining that Plaintiff's employment relationship with his employer violates the "economic substance doctrine," as described by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

28. Plaintiff's employment relationship with Release Me, Inc. and the contracting of employment rights satisfies all statutory requirements under the Internal Revenue Code, as established by Congress. At no time has Defendant determined that the employment relationships violated any state or Federal statute.

29. In 1978, Congress, in passing I.R.C. § 132, prohibited Defendant from promulgating regulations concerning the employment relationships at issue in this case.

30. In 2004, Congress passed legislation concerning the taxability of nonqualified deferred compensation plans of the type at issue in this case. Although aware of the types of transactions at issue, Congress expressly and specifically made the new legislation prospective

only, such that it does not effect the transactions at issue in this case. Because no statutory authority exists for the taxable year ending December 31, 1998 to assess a deficiency and exact monies from Plaintiff, Defendant relies exclusively in its Statutory Notice of Deficiency, discussed above at #4, on the "economic substance" theory that was rejected by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

31. Defendant's assessment and concomitant collection of monies from Plaintiff under the guise of the "economic substance doctrine" violates the time-tested separation of powers and the ex-post facto prohibitions of the Constitution. This conclusion is adopted by this Court in Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T).

COUNT I

32. Paragraphs 1 through 31 are incorporated herein by this reference.

33. The form of the arrangement between Unico Services Inc., Pixley Services Limited, and Release Me, Inc., reflects the substance of that arrangement. Plaintiff is not an employee of Unico Services Inc. during the tax year ended December 31, 1998.

34. The arrangement is not a series of predetermined interrelated steps in a single transaction focused on a goal of establishing and funding a non-qualified deferred compensation plan, arrangement, or agreement for the benefit of Plaintiff.

35. The arrangement does not lack economic substance.

36. The amounts paid by Unico Services Inc. to Release Me, Inc., above the amounts paid by Release Me, Inc. to Plaintiff and reported as wages, was neither constructively received by Plaintiff nor taxable to Plaintiff under I.R.C. §§ 83(a) and/or 402(b) as property transferred in connection with the performance of services by Plaintiff.

37. Neither Defendant's calculation of deposits characterized by Defendant as "unexplained deposits" nor Defendant's calculation of corporate funds or benefits received by Plaintiff are taxable to Plaintiff as constructive dividends.

38. The arrangement satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Pursuant to Coltec Industries, Inc. v. United States, 62 Fed. Cl. 716 (2004) (No. 01-072T), the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law in the sum of $354,500, representing a refund for Federal income tax erroneously paid, plus statutory interest thereon as provided by law, other applicable interest and such other and further relief, including reimbursement of attorneys fees and other costs, as may be just and proper. In the alternative,

COUNT II

39. Paragraphs 1 through 31 are incorporated herein by this reference.

40. If this Court ultimately concludes that Plaintiff is not entitled to a refund of the tax in the case at hand, penalties do not apply.

41. As set forth above, the plain language of the statutes and published case law supports the return reporting position of Plaintiff. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations.

42. Plaintiff relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception to the application of penalties.

WHEREFORE, Plaintiff prays for judgment against the United States on the facts and the law and finds that the negligence penalty imposed by Defendant is erroneous.

RESPECTFULLY SUBMITTED,

Date: 8-25-05

By [signature]
Counsel for Plaintiff

**Gasaway & Stientjes LLP**

Robert J. Stientjes
41 S. Old Orchard Ave., Ste. B
Saint Louis, Missouri 63119
(314) 961-3812 telephone
(314) 918-7120 facsimile

Form **1040X** (Rev. November 2004)

Department of the Treasury—Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1998 , or fiscal year ended ▶

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| D. GORDON | POTTER | 530 : 26 : 3678 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: P.O. BOX 887 | Apt. no. | Phone number ( ) |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: BENICIA, CA 94510 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☑ Yes ☐ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☐ Married filing jointly ☑ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☐ Married filing jointly ☑ Married filing separately ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | Line | A. Original amount or as previously adjusted (see page 3) | B. Net change—amount of increase or (decrease)—explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2–6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 1,184,723 | (868,208) | 316,515 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 48,981 | 35,023 | 84,004 |
| 3 Subtract line 2 from line 1 | 3 | 1,135,742 | 903,231 | 232,511 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 0 | 0 | 0 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 1,135,742 | 903,231 | 232,511 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C SCHEDULE D | 6 | 431,256 | (363,086) | 73,577 |
| 7 Credits (see page 4) | 7 | 0 | 0 | 0 |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 431,256 | (363,086) | 73,577 |
| 9 Other taxes (see page 4) | 9 | 0 | 0 | 0 |
| 10 Total tax. Add lines 8 and 9 | 10 | 431,256 | (363,086) | 73,577 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 72,043 | 0 | 72,043 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 0 | 0 | 0 |
| 13 Earned income credit (EIC) | 13 | 0 | 0 | 0 |
| 14 Additional child tax credit from Form 8812 | 14 | 0 | 0 | 0 |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | 0 | 0 | 0 |
| 16 Amount paid with request for extension of time to file (see page 5) | 16 | | | 5,800 |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 354,500 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 432,343 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | 712 |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 431,631 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 431,631 |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 431,631 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ [signature] 6/20/05
Your signature Date

▶ Spouse's signature. If a joint return, both must sign Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] Date 6/20/05 Check if self-employed ☐ Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ GASAWAY & STIENTJES LLP, 41 S. OLD ORCHARD AVE., STE B, ST. LOUIS, MO 63119

EIN 20 : 2907355

Phone no. (314) 961-3812

Cat. No. 11360L Form **1040X** (Rev. 11-2004)

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25–31.
If claiming **fewer exemptions,** complete lines 25–30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution.** If someone can claim you as a dependent, you cannot claim an exemption for yourself. | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 28 | Other dependents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2004 | $3,100 | $107,025 |
| 2003 | 3,050 | 104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of children on 31 who:
- lived with you . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . ▶ ☐

Dependents on 31 not entered above ▶ ☐

**Part II** Explanation of Changes to Income, Deductions, and Credits

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here. . . . . . . ▶ ☐

SEE ATTACHED RIDER

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Service Co., Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Service Co. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Service Co., D. Gordon Potter worked on multiple business projects in conjunction with Unico Replacement Parts, Inc. and Unico Industrial Services, Inc., companies related to Unico Service Co.

Unico Service Co. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable in income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Industrial Services, Inc. and Unico Replacement Parts, Inc. Thus, the Commissioner alleges that D. Gordon Potter must recognize as income during the year at

issue, the full amount of payments from Unico Industrial Services, Inc. and Unico Replacement Parts, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers…." *See also* TIFD III-E, Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that D. Gordon Potter is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of D. Gordon Potter. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

Taxpayer is also entitled to additional deductions for real estate taxes paid during the year at issue.

For the above stated reasons, taxpayer respectfully requests that the Commissioner grant him a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

Rider to Form 1040X

D. Gordon Potter
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

REQUEST FOR IMMEDIATE REFUND CLAIM DISALLOWANCE

Pursuant to I.R.M. 4512(2)(g)(Jan. 30, 1987), taxpayer D. Gordon Potter respectfully requests that the Commissioner immediately disallow this refund claim without administrative consideration. *See* I.R. 1600 (Apr. 26, 1976), 9 Stand. Fed. Tax Rep. (CCH) ¶ 6609 (1976).

In support of this Request for Refund Claim Disallowance, taxpayer submits that the merits of this refund claim have previously been the subject of an administrative examination. Re-evaluation by the Commissioner of this refund claim would be fruitless and serve only to delay commencement of a refund suit by taxpayer.

This Request for Refund Claim Disallowance is for the taxable year 1998 of taxpayer for federal income tax. The amount of this refund claim is equal to $430,544.

Taxpayer agrees that the Commissioner's granting of this Request for Refund Claim Disallowance and issuance of a Certified Notice of Claim Disallowance will commence the running of the two-year period of limitations for filing a refund suit pursuant to Proc. & Admin. Reg. § 301.6532-1(c).

WHEREFORE, taxpayer respectfully requests that the Commissioner immediately issue a Certified Notice of Claim Disallowance on an expedited basis disallowing the full amount, $430,544, of this refund claim.

Gordon Potter

D. Gordon Potter, Taxpayer