IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 05-954 T
(Judge Loren A. Smith)

D. GORDON POTTER,

Plaintiff

v.

THE UNITED STATES,

Defendant

---

FIRST AMENDED ANSWER AND COUNTERCLAIM

---

In answer to the complaint, defendant denies each and every allegation in the complaint that is not admitted below.

Defendant further:

1. States that its attorneys lack knowledge or information sufficient to state a belief as to the truth of the allegation in paragraph 1 regarding plaintiff's residence, and admits the remaining allegations in paragraph 1.

2. Admits the allegation in paragraph 2.

3. Admits the allegations in paragraph 3 that plaintiff characterizes this suit as an action, in part, under the Due Process Clause and the Takings Clause of the United States Constitution, but denies that plaintiff is entitled to recover; and denies the remaining allegations in paragraph 3.

4. Admits the allegations in paragraph 4 that plaintiff characterizes this suit as an action, in part, for refund of Federal income taxes under the Internal Revenue Code, but denies that plaintiff is entitled to recover; denies the remaining allegations in paragraph 4; and states that jurisdiction of this Court over plaintiff's suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

5. Admits the allegations in the first sentence of paragraph 5, and states that its attorneys lack knowledge or information sufficient to state a belief as to the truth of the allegations in the second sentence of paragraph 5.

6. Denies the allegations in paragraph 6.

7. Admits the allegations in paragraph 7 that plaintiff filed tax returns for the tax years ended December 31, 1999, and December 31, 2000, and states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Admits the allegations in paragraph 8.

9. Admits the allegations in paragraph 9 that the Internal Revenue Service issued an audit reconsideration letter to plaintiff on July 13, 2005; states that the Form 4549 included with the July 13, 2005 letter indicates that the Internal Revenue Service adjusted plaintiff's tax liability for 1998 by $142,102.00, for a total corrected tax liability of $431,256.00, and adjusted the § 6662(a) penalty by $28,420.00, for a total penalty of $70,825.00.

10. With respect to the allegations in paragraph 10, admits that on March 16, 2005, plaintiff paid $300,000, and on June 21, 2005, paid $54,500 to be allocated to the deficiency for tax year 1998, and denies the remaining allegations in paragraph 10.

11. With respect to the allegations in paragraph 11, admits that on March 16, 2005, plaintiff paid $300,000, and on June 21, 2005, paid $54,500 to be allocated to the deficiency for tax year 1998, and denies the remaining allegations in paragraph 11.

12. Admits the allegation in paragraph 12 that the Internal Revenue Service issued a notice of deficiency to plaintiff on October 14, 2004; states that the records for the Internal Revenue Service indicate that the Internal Revenue Service determined a deficiency of $721,473, and a § 6662(a) penalty of $144,294.60 for the tax year ended December 31, 1999, and the Internal Revenue Service determined a deficiency of $363,971, and a § 6662(a) penalty of $72,794.20 for the tax year ended December 31, 2000.

13-24. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13 through 24.

25. States that the allegations in paragraph 25 constitute legal argument to which no response is required.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. States that the allegations in the first sentence of paragraph 28 constitute legal argument to which no response is required, and states that its attorney lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 28.

29. Denies the allegations in paragraph 29.

30. States that the allegations in paragraph 30 constitute legal argument to which no response is required.

31. Denies the allegations in the first sentence of paragraph 31, and states that the allegations in the second sentence of paragraph 31 constitute legal argument to which no response is required.

32. Admits the allegation in the first sentence of paragraph 32 that plaintiff filed an amended income tax return with the Internal Revenue Service claiming a refund in the amount of $431,631; and states that the records for the Internal Revenue Service indicate that the amended income tax return was filed on July 25, 2005. Admits the allegations in the second sentence of paragraph 32.

33. Denies the allegations in the first sentence of paragraph 33, and states that the records for the Internal Revenue Service indicate that in a letter dated August 22, 2005, the Internal Revenue Service proposed a full disallowance of plaintiff's claim for refund for 1998. Admits the allegation in the second sentence of paragraph 33 that plaintiff filed an executed Form 3363 with the Internal Revenue Service, and states that the records for the Internal Revenue Service indicate that the postmark on the envelope conveying the executed Form 3363 and Form 2297 was dated August 25, 2005.

34. Defendant's responses to paragraphs 1 through 33 are incorporated by reference.

35. Denies the allegations in paragraph 35.

36. Defendant's responses to paragraphs 1 through 33 are incorporated by reference.

37. Denies the allegations in paragraph 37.

38. Defendant's responses to paragraphs 1 through 33 are incorporated by reference.

39–44. Denies the allegations in paragraphs 39 through 44.

45. Defendant's responses to paragraphs 1 through 33 are incorporated by reference.

46-48. Denies the allegations in paragraphs 46 through 48.

Defenses

50. This Court lacks jurisdiction over plaintiff's Fifth Amendment Due Process claim (Count I) because the Due Process clause of the Fifth Amendment is not a money-mandating provision, and claims under that clause do not fall within the jurisdiction of the Court of Federal Claims under 28 U.S.C. § 1491(a)(1). Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

51. This Court lacks jurisdiction over plaintiff's Fifth Amendment Takings Clause claim (Count II) because plaintiff alleges that the underlying taking was unlawful. Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

52. This Court lacks jurisdiction over plaintiff's refund claim for tax year 1998 (Count IV) because plaintiff has not paid all assessed penalties and interest in full as required. See Flora v. United States, 362 U.S. 145, 163 (1960); Shore v. United States, 9 F.3d 1524 (Fed. Cir. 1993). Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

Counterclaim

53. The total penalty and interest assessed against plaintiff for the 1998 tax period was $185,119.42

54. To date, plaintiff has not paid any portion of the assessed penalty and interest for the 1998 tax period.

55. Defendant is entitled to a judgment against plaintiff in the amount of the penalty in addition to assessed interest.

56. This counterclaim has been authorized by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Acting Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to Section 7401 of the Internal Revenue Code of 1986, and 28 U.S.C. § 1503.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against plaintiff, and that judgment be entered in the amount of the assessed penalty and interest, plus interest and costs allowed by law.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

December 20, 2005